Yi–Xiong DENG, Petitioner,

v.

Edward J. McELROY, District Director of the United States Immigration and Naturalization Service, Kevin Rooney, Director of the Executive Office for Immigration Review, and Paul Schmidt, Chairman of the Board of Immigration Appeals, Respondents.

No. 00–4148.

United States Court of Appeals, Second Circuit.

May 10, 2001.

Charles Christophe, Wilson & Associates, P.C., New York, NY, for petitioner.

Kathy S. Marks, Assistant United States Attorney, Southern District of New York, New York, NY; Mary Jo White, United States Attorney and Gideon A. Schor, Assistant United States Attorney, on the brief, for respondents.

Present JACOBS, PARKER and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Yi–Xiong Deng ("Deng"), a citizen of the People's Republic of China, petitions this Court for review of a June 16, 2000 decision of the Board of Immigration Appeals ("BIA"). The BIA's decision dismissed Deng's appeal from the order of an immigration judge ("IJ"), who found Deng not credible, denied his applications for asylum and for withholding of deportation, and ordered him deported from the United States. Because the deportation proceedings began prior to April 1, 1997, this Court has jurisdiction to consider Deng's petition for review under the transitional provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009. *See Diallo v. INS,* 232 F.3d 279, 282 n. 1 (2d Cir.2000) (citing *Henderson v. INS,* 157 F.3d 106, 117 (2d Cir.1998)).

Deng contends that (1) no substantial evidence supports the credibility finding, and (2) his testimony, if credited, establishes his eligibility for asylum and withholding of deportation. Under the deferential standard of review applicable to factual findings in asylum cases, this credibility determination will not be disturbed. We therefore need not decide what his testimony would establish if credited.

## I.

On December 7, 1995, Deng attempted to enter the United States at Honolulu International Airport in Hawaii, using a false name and fake passport. When an Immigration and Naturalization Service ("INS") inspector questioned him, Deng stated that he was a Chinese citizen, but falsely swore *inter alia* that he resided in Canada, that his parents were Canadian citizens, and that his father had obtained the passport for him. After Deng was unable to provide the inspector with basic information such as his address, his parents' address, or his employers' address, Deng admitted the truth: he had obtained the fake passport in Hong Kong and paid a Chinese smuggler $20,000 for the trip to Hawaii. He explained that his "purpose [in] coming to the United States" was "to live and work," and that he had never been arrested.

In February 1996, the INS charged Deng with excludability as an economic immigrant lacking appropriate certification from the Secretary of Labor, and as an immigrant lacking valid entry documents, *see* 8 U.S.C. § 1182(a)(5)(A)(i), (7)(A)(i)(I) (1994).[1] At a hearing later that month, Deng, represented by counsel, announced that he would be applying for asylum. His written application asserted that he had been persecuted in China based on (1) his Christian religion, (2) his family background, *i.e.,* his father and uncle had been subject to a purge during the cultural revolution in the 1960's, and (3) his political activities during the 1989 pro-democracy movement.

At an evidentiary hearing before the IJ, Deng conceded his excludability on both charges lodged by the INS. He then testified in support of his claims of persecution. Immediately following the testimony, the IJ orally denied the applications for asylum and withholding of deportation, on the

---

1. There is no dispute that Deng's excludability and his eligibility for asylum and withholding of deportation are governed by the substantive criteria contained in the pre-IIRIRA version of the relevant statutes. *See Skelly v. INS,* 168 F.3d 88, 90 (2d Cir.1999); *Diallo,* 232 F.3d at 283 & n. 2.

finding that Deng had "not given truthful testimony to support" the allegations of persecution. The BIA upheld the IJ's decision in a written order, which Deng now asks this Court to review.

## II.

Congress has created two alternative forms of relief for excludable aliens who claim that they will be persecuted if forced to return to their native countries: asylum and withholding of deportation. *See Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999). We discuss Deng's claim for asylum first, because he must be eligible for asylum in order to satisfy the more stringent standard for withholding of deportation. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

An applicant for asylum must show "that he has suffered past persecution or has a well-founded fear of future persecution" on account of *inter alia* religion, membership in a particular social group, or political opinion. *Diallo,* 232 F.3d at 284 (citing *Abankwah,* 185 F.3d at 22); *see* 8 U.S.C.A. §§ 1158(b)(1) (1994) (referring to § 1101(a)(42)). The scope of our review of an asylum decision is "exceedingly narrow." *Melgar de Torres,* 191 F.3d at 313. We review the BIA's factual findings under the substantial evidence standard, and will "reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo,* 232 F.3d at 287.

The threshold question on appeal is whether substantial evidence supports the adverse credibility finding made by the IJ and BIA. *See Melendez v. United States Dep't of Justice,* 926 F.2d 211, 215 (2d Cir.1991) ("In the absence of documentary proof, the applicant's testimony" can be enough to support eligibility for asylum "*if*

*it is credible.*") (emphasis added); 8 C.F.R. § 208.13(a) ("The testimony of the applicant, *if credible,* may be sufficient to sustain the burden of proof without corroboration.") (emphasis added). We give "particular deference to the credibility determinations of the IJ." *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997).

Under this standard of review, we will not disturb the adverse credibility finding. The IJ and the BIA specified a number of serious inconsistencies bearing upon, *inter alia,* Deng's claim of religious persecution, Deng's claim that he had been persecuted because of his family background, and Deng's charges of reprisals for his alleged participation in the 1989 pro-democracy movement. Moreover, the IJ adversely assessed Deng's demeanor, noting in particular that when Deng was confronted with the inconsistencies, he would turn his head toward a wall and refuse to make eye contact. *Cf. Kokkinis v. District Dir. of INS,* 429 F.2d 938, 941–42 (2d Cir.1970) (holding that "we must accord great weight" to an IJ's credibility findings in part because he "had an opportunity to observe the demeanor of [the alien] while testifying").

The BIA's adverse credibility determination is fatal to Deng's asylum claim. *See* 8 C.F.R. § 208.13(a); *Chun v. INS,* 40 F.3d 76, 79 (5th Cir.1994) ("Without credible evidence, the BIA ha[s] no basis upon which to grant asylum. . . ."). Since Deng cannot prove a claim for asylum, he also cannot meet the more stringent test for withholding of deportation.

For the reasons set forth above, the petition for review is hereby DENIED.